

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

*The Jacob K. Javits Federal Building*
*26 Federal Plaza, 37th Floor*
*New York, New York 10278*

December 17, 2025

**By ECF**
The Honorable Loretta A. Preska
United States District Judge
500 Pearl Street
New York, NY 10007

> Re: *United States v. Salim Saadia, Ravi Allahab, and Joseph Akiva, Jr.*, 24 Cr. 612 (LAP)

Dear Judge Preska:

The Government writes respectfully to request that the Court enter the attached amended proposed protective order, to which counsel for the defendants have consented. *See* Exhibit A.

Pursuant to Federal Rule of Criminal Procedure 16, "[a]t any time the court may, for good cause, deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d). The Government submits that good cause justifies the issuance of a protective order in this case given the nature of the material to be disclosed, which includes information regarding an ongoing investigation involving a cooperating witness and confidential source.

Accordingly, the Government respectfully requests that the Court enter the proposed order.

Very truly yours,
JAY CLAYTON
United States Attorney

by: __/s/_____
William C. Kinder
Matthew J. King
Meredith C. Foster
Assistant United States Attorneys
(212) 637-2394 / 2384 / 2310

# EXHIBIT A

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| United States of America | **Amended Protective Order** |
| v. | **24 Cr. 612 (LAP)** |
| Salim Saadia, Ravi Allahab, and Joseph Akiva, Jr. | |
| Defendants. | |

Upon the application of the United States of America, with the consent of the undersigned counsel, and the defendants having requested discovery under Fed. R. Crim. P. 16, the Court hereby finds and orders as follows:

## Categories

1. **Disclosure Material.** The Government has made and will make disclosure to the defendants of documents, objects and information, including electronically stored information ("ESI"), pursuant to Federal Rule of Criminal Procedure 16, 18 U.S.C. § 3500, and the Government's general obligation to produce exculpatory and impeachment material in criminal cases, all of which will be referred to herein as "Disclosure Material." The Government's Disclosure Material may include material that (i) affects the privacy, confidentiality and business interests of individuals and entities; (ii) would impede, if prematurely disclosed, the Government's ongoing investigation of uncharged individuals; (iii) would risk prejudicial pretrial publicity if publicly disseminated; (iv) may be produced with more limited redactions than would otherwise be necessary; and (v) that is not authorized to be disclosed to the public or disclosed beyond that which is necessary for the defense of this criminal case.

2023.11.26

2. **Sealed Material.** Certain of the Government's Disclosure Material, referred to herein as "Sealed Material," contains information that identifies, or could lead to the identification of, witnesses who may be subject to intimidation or obstruction, and whose lives, persons, and property, as well as the lives, persons and property of loved ones, will be subject to risk of harm absent the protective considerations set forth herein or information that may reveal trade secrets or other information that may cause financial loss or other harm to a business entity.

3. **Attorney's Possession Only ("APO") Material.** Certain materials in this case raise a particular risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Possession Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Possession Only" or "APO" shall be deemed "APO Material." Any material designated as APO Material shall also be deemed Sealed Material.

4. **Attorney's Eyes Only ("AEO") Material.** Certain materials in this case raise a more significant risk of affecting the privacy or safety of victims or witnesses, or the confidentiality of ongoing investigations. Disclosure Material produced by the Government to the defendants or their counsel that is either (1) designated in whole or in part as "Attorney's Eyes Only" by the Government in emails or communications to defense counsel, or (2) that includes a Bates or other label stating "Attorney's Eyes Only" or "AEO" shall be deemed "AEO Material." Any material designated as AEO Material shall also be deemed Sealed Material.

NOW, THEREFORE, FOR GOOD CAUSE SHOWN, IT IS HEREBY ORDERED:

2

2023.11.26

## Disclosure and Treatment

5.    Disclosure Material shall not be disclosed by the defendants or their counsel, including any successor counsel ("the defense") other than as set forth herein, and shall be used by the defense solely for purposes of defending this action. The defense shall not post any Disclosure Material on any Internet site or network site, including any social media site, to which persons other than the parties hereto have access, and shall not disclose any Disclosure Material to the media.

6.    Sealed Material pertinent to any motion before the Court should initially be filed under seal, absent consent of the Government or Order of the Court, and may be disclosed by defense counsel to:

a.    The defendants;

b.    Personnel for whose conduct defense counsel is responsible, *i.e.*, personnel employed by or retained by counsel, as needed for purposes of defending this action; and

c.    Prospective witnesses for purposes of defending this action.

7.    APO Material received by defense counsel shall be maintained in a safe and secure manner by defense counsel and any personnel for whose conduct defense counsel is responsible; shall not be possessed by the defendants, except in the presence of the defendants' counsel and any personnel for whose conduct defense counsel is responsible; and shall not be disclosed in any form by the defendants, their counsel, or any personnel for whose conduct defense counsel is responsible.

8.    AEO Material received by defense counsel shall be maintained on an attorney's eyes only basis, and the defense shall not share any AEO Material or the content of the AEO Material

3

2023.11.26

with any other persons, including the defendants, except for any personnel for whose conduct defense counsel is responsible.

## Other Provisions

9.  This Order does not prevent the disclosure of any Disclosure Material in any hearing or trial held in this action, or to any judge or magistrate judge, for purposes of this action but, except to the extent provided otherwise below, shall not be disclosed or used in any form in any other civil litigation, arbitration, or other private or alternative dispute resolution. All filings should comply with the privacy protection provisions of Fed. R. Crim. P. 49.1 and the above provisions.

10. The Government's designation of material will be controlling absent contrary order of the Court. The parties shall meet and confer regarding any dispute over such designations, after which the defense may seek de-designation by the Court. The Government may authorize, in writing, disclosure of Disclosure Material beyond that otherwise permitted by this Order without further Order of this Court.

11. The defense shall provide a copy of this Order to prospective witnesses and persons retained by counsel to whom the defense has disclosed Disclosure Material. All such persons shall be subject to the terms of this Order. Defense counsel shall maintain a record of what information has been disclosed to which such persons.

12. Except for Disclosure Material that has been made part of the record of this case, the defense shall return to the Government or securely destroy or delete all Disclosure Material, including any ESI, within 30 days of the expiration of the period for direct appeal from any verdict in the above-captioned case; the period of direct appeal from any order dismissing any of the charges in the above-captioned case; and the granting of any motion made on behalf of the Government dismissing any charges in the above-captioned case, whichever date is later, subject

4

2023.11.26

to defense counsel's obligation to retain client files under the Rules of Professional Conduct. If Disclosure Material is provided to any personnel for whose conduct defense counsel is responsible or prospective witnesses, defense counsel shall make reasonable efforts to seek the return or destruction of such materials.

13. The Government has advised that information that may be subject to disclosure in this case may be contained within ESI that the Government has received, pursuant to warrants issued during the course of the investigation, from various computers, cellphones, cloud accounts, and other devices and storage media. ESI was obtained from devices and cloud accounts belonging to Saadia, Allahab, and Akiva. Upon consent of counsel for the defendants, the Government is authorized to disclose to counsel for each defendant the entirety of ESI obtained from devices and cloud accounts belonging to Saadia, Allahab, and Akiva, which shall be deemed Sealed Material unless otherwise designated.

14. This Order places no restriction on a defendant's use or disclosure of ESI or other Disclosure Material that originally belonged to that defendant.

5

2023.11.26

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: *Meredith Fost*
_____          Date:   December 4, 2025
William C. Kinder
Matthew J. King
Meredith C. Foster
Assistant United States Attorneys

/s/ Hadassa Waxman
                                         Date:   12/17/2025
_____
Hadassa Waxman, Esq.
Counsel for Salim Saadia

_____          Date:   12/8/2025
Alan Futerfas, Esq.
Counsel for Ravi Allahab

_____          Date:
Phyllis Ann Malgieri, Esq.
Counsel for Joseph Akiva, Jr.

SO ORDERED:

Dated: _____
          New York, New York

                                    _____
                                    THE HONORABLE LORETTA A. PRESKA
                                    UNITED STATES DISTRICT JUDGE

6

2023.11.26

**Retention of Jurisdiction**

15. The provisions of this order shall not terminate at the conclusion of this criminal prosecution and the Court will retain jurisdiction to enforce this Order following termination of the case.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney

by: _Meredith Fost_____       Date:    December 4, 2025

William C. Kinder
Matthew J. King
Meredith C. Foster
Assistant United States Attorneys


_____       Date:    _____
Hadassa Waxman, Esq.
Counsel for Salim Saadia


_____       Date:    _____
Alan Futerfas, Esq.
Counsel for Ravi Allahab

_Phyllis A. Malgieri_____       Date:    _December 8, 2025_
Phyllis Ann Malgieri, Esq.
Counsel for Joseph Akiva, Jr.


SO ORDERED:

Dated: _December 17, 2025_
New York, New York


_Loretta A. Preska_____
THE HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE


6

2023.11.26