UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA

\- v. -

JOSEPH AKIVA, JR.,

Defendant.

CONSENT PRELIMINARY ORDER OF FORFEITURE AS TO SPECIFIC PROPERTY/ MONEY JUDGMENT

S5 24 Cr. 612 (LAP)

WHEREAS, on or about July 20, 2026, JOSEPH AKIVA, JR. (the "Defendant"), was charged in a one-count Superseding Information, S5 24 Cr. 612 (LAP) (the "Information"), with conspiracy to engage in a monetary transaction in property derived from specified unlawful activity, in violation of Title 18, United States Code, Section 1956(h) (Count One);

WHEREAS, the Information included a forfeiture allegation as to Count One of the Information, seeking forfeiture to the United States, pursuant to Title 18, United States Code Section 982(a)(1), of any and all property, real and personal, involved in the offense charged in Count One of the Information, or any such property traceable to such property, including but not limited to a sum of money in United States currency representing the amount of property involved in Count One of the Information;

WHEREAS, on or about January 14, 2025, a Bill of Particulars was entered providing notice that the following property is subject to forfeiture to the Government, as property involved in the offense charged in Count One of the Information;

a. Any and all funds on deposit in Truist Bank account number 1310003655272, held in the name of GSM Club, LLC and all proceeds traceable thereto;

b. Any and all funds on deposit in Truist Bank account number 1310013003915, held in the name of GSM Club, LLC and all proceeds traceable thereto;

c. Any and all funds on deposit in Truist Bank account number 1310003656031, held in the name of GSM Club, LLC and all proceeds traceable thereto;

d. Any and all funds on deposit in Truist Bank account number 1310013003923, held in the name of GSM Club, LLC and all proceeds traceable thereto;

e. Any and all funds on deposit in Bank of America, N.A. account number 483051026281, held in the name of Abmnus, LLC and all proceeds traceable thereto;

f. Any and all funds on deposit in Bank of America, N.A. account number 483052021382, held in the name of Global Electronics NY Inc. and all proceeds traceable thereto;

g. Any and all funds on deposit in Bank of America, N.A. account number 483049592361, held in the name of AJS Mobile Inc. and all proceeds traceable thereto;

h. Any and all funds on deposit in Bank of America, N.A. account number 483095012028, held in the name of Sam & Ellen Tech Inc. and all proceeds traceable thereto; and

i. Any and all funds on deposit in JP Morgan Chase Bank, N.A. account number 208267806, held in the name of 232 Technologies Inc. and all proceeds traceable thereto

(a. through i., collectively, the "Subject Property");

WHEREAS, on or about February 11, 2025, a Bill of Particulars was entered providing notice that the following property, seized by the Government on or about October 24, 2024, is subject to forfeiture to the Government, as property involved in the offense charged in Count One of the Information:

a. $19,900 in United States currency seized by the Government from a safe located in an executive office suite at 1118 Longwood Avenue, Bronx, NY;

b. $14,678 in United States currency seized by the Government seized from a safe in an office located at 2660 Park Avenue, Bronx, NY;

c. $53,800 in United States currency seized by the Government from a safe located in a closet at 1988 Ocean Parkway, Brooklyn, NY;

d. The following currency seized by the Government seized from 390 Kings Highway, Brooklyn, NY:

i. $6,700 in United States currency located inside desk in an office;

ii. $100,000 in United States currency from inside a Sentry Safe in an office; and

iii. $519,000 in United States currency from inside a Barska Safe in an office

(a. through d., collectively with the Subject Property, the "Specific Property");

WHEREAS, on or about July 20, 2026, the Defendant pled guilty to Count One of the Information, pursuant to a plea agreement with the Government, wherein the Defendant admitted the forfeiture allegation with respect to Count One of the Information and agreed to forfeit to the United States, pursuant to Title 18, United States Code, Section 982(a)(1), a sum of money equal to $17,988,870 in United States currency, representing property involved in the offense charged in Count One of the Information;

WHEREAS, the Defendant consents to the entry of a money judgment in the amount of $17,988,870 in United States currency, representing the amount of property involved in the offense charged in charged in Count One of the Information, for which the Defendant is jointly and severally liable with (i) his co-defendants, Salim Saadia and Ravi Allahab (together, the "Co-defendants"), to the extent forfeiture money judgments are entered against the Co-defendants for the offense charged in Count One of the Information; and (ii) any unindicted co-conspirators (the "Co-Conspirators") that are charged for the conduct alleged in Count One of the Information, to the extent forfeiture money judgments are ultimately entered against the Co-Conspirators for the conduct charged in Count One of the Information;

WHEREAS, the Defendant further consents to the forfeiture of all his right, title and interest in the Specific Property, as property involved in the offense charged in Count One of the Information;

WHEREAS, the Defendant admits that, as a result of acts and/or omissions of the Defendant, the property involved in the offense charged in Count One of the Information cannot be located upon the exercise of due diligence, with the exception of the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(g), and Rules 32.2(b)(3), and 32.2(b)(6) of the Federal Rules of Criminal Procedure, the Government is now entitled, pending any assertion of third-party claims, to reduce the Specific Property to its possession and to notify any and all persons who reasonably appear to be a potential claimant of their interest herein;

IT IS HEREBY STIPULATED AND AGREED, by and between the United States of America, by its attorney Jay Clayton, United States Attorney, Assistant United States Attorneys Meredith Foster, Matthew King, and William Kinder, of counsel, and the Defendant and his counsel, Phyllis A. Malgieri, Esq., that:

1. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, a money judgment in the amount of $17,988,870 in United States currency (the "Money Judgment"), representing the amount of property involved in the offense charged in Count One of the Information for which the Defendant is jointly and severally liable with (i) the Co-defendants, to the extent a forfeiture money judgments is entered against the Co-defendants for the offense charged in Count One of the Information; and (ii) the Co-Conspirators that are charged for the conduct alleged in Count One of the Information, to the extent forfeiture

money judgments are ultimately entered against the Co-Conspirators for the conduct charged in Count One of the Information, shall be entered against the Defendant.

2. As a result of the offense charged in Count One of the Information, to which the Defendant pled guilty, all of the Defendant's right, title and interest in the Specific Property is hereby forfeited to the United States for disposition in accordance with the law, subject to the provisions of Title 21, United States Code, Section 853.

3. Pursuant to Rule 32.2(b)(4) of the Federal Rules of Criminal Procedure, this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment is final as to the Defendant JOSEPH AKIVA, JR., and shall be deemed part of the sentence of the Defendant, and shall be included in the judgment of conviction therewith.

4. All payments on the outstanding Money Judgment shall be made by postal money order, bank or certified check, made payable to United States Customs and Border Protection, and delivered by mail to the United States Attorney's Office, Southern District of New York, Attn: Illicit Finance and Money Laundering Unit, 26 Federal Plaza, 38th Floor, New York, New York 10278 and shall indicate the Defendant's name and case number.

5. United States Customs and Border Protection shall be authorized to deposit the payment on the Money Judgment into the Treasury Assets Forfeiture Fund, and the United States shall have clear title to such forfeited property.

6. Upon entry of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, the United States Customs and Border Protection, or its designee the Office of Fines, Penalties, and Forfeiture, is hereby authorized to take possession of the Specific Property and to hold such property in its secure custody and control.

7. Pursuant to Title 21, United States Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Certain Admiralty and Maritime Claims and Asset Forfeiture Actions, the United States is permitted to publish forfeiture notices on the government internet site, www.forfeiture.gov. This site incorporates the forfeiture notices that have been traditionally published in newspapers. The United States forthwith shall publish the internet ad for at least thirty (30) consecutive days. Any person, other than the Defendant, claiming interest in the Specific Property must file a Petition within sixty (60) days from the first day of publication of the Notice on this official government internet web site, or no later than thirty-five (35) days from the mailing of actual notice, whichever is earlier.

8. The published notice of forfeiture shall state that the petition (i) shall be for a hearing to adjudicate the validity of the petitioner's alleged interest in the Specific Property, (ii) shall be signed by the petitioner under penalty of perjury, and (iii) shall set forth the nature and extent of the petitioner's right, title or interest in the Specific Property, the time and circumstances of the petitioner's acquisition of the right, title and interest in the Specific Property, any additional facts supporting the petitioner's claim, and the relief sought, pursuant to Title 21, United States Code, Section 853(n).

9. Pursuant to 32.2 (b)(6)(A) of the Federal Rules of Criminal Procedure, the Government shall send notice to any person who reasonably appears to be a potential claimant with standing to contest the forfeiture in the ancillary proceeding.

10. Upon adjudication of all third-party interests, this Court will enter a Final Order of Forfeiture with respect to the Specific Property pursuant to Title 21, United States Code, Section 853(n), in which all interests will be addressed. All Specific Property forfeited to the

United States under a Final Order of Forfeiture shall be applied towards the satisfaction of the Money Judgment.

11. Pursuant to 21 U.S.C. § 853(p), the United States is authorized to seek forfeiture of substitute assets of the Defendant up to the uncollected amount of the Money Judgment.

12. Pursuant to Rule 32.2(b)(3) of the Federal Rules of Criminal Procedure, the United States Attorney's Office is authorized to conduct any discovery needed to identify, locate or dispose of forfeitable property, including depositions, interrogatories, requests for production of documents and the issuance of subpoenas.

13. The Court shall retain jurisdiction to enforce this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment, and to amend it as necessary, pursuant to Rule 32.2 of the Federal Rules of Criminal Procedure.

[REMAINDER OF PAGE INTENTIONALLY LEFT BLANK]

14. The signature page of this Consent Preliminary Order of Forfeiture as to Specific Property/Money Judgment may be executed in one or more counterparts, each of which will be deemed an original but all of which together will constitute one and the same instrument.

AGREED AND CONSENTED TO:

JAY CLAYTON
United States Attorney for the
Southern District of New York

By: ______________________ 7/20/26
DATE

Meredith Foster
William Kinder
Matthew King
Assistant United States Attorneys
26 Federal Plaza
New York, NY 10278
(212) 637-2310/ 2394/ 2384

JOSEPRH AKIVA, JR.

By: ______________________ 7-20-26
DATE

Joseph Akiva, Jr.

By: ______________________ 7/20/2026
DATE

Phyllis A. Malgieri, Esq.
Attorney for Defendant
565 Fifth Avenue, 9th Floor
New York, NY 10017

SO ORDERED:

______________________ 7/20/26
HONORABLE LORETTA A. PRESKA
UNITED STATES DISTRICT JUDGE

DATE